**Hovik MINASYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71055.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2007 *.

Filed May 30, 2007.

Grace White, Esq., Law Office of Grace White, Woodland Hills, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Alison R. Drucker, Esq., Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Hovik Minasyan, a native and citizen of Armenia, petitions for review from the affirmance by the Board of Immigration Appeals (BIA) of the decision by an Immigration Judge (IJ) finding his testimony not credible, and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

We review the BIA's and IJ's decisions for substantial evidence and will reverse only if a reasonable factfinder would be compelled to reach a contrary conclusion. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Federal regulations in effect September 25, 2002, before Minasyan appealed to the BIA, limited the BIA to reviewing the IJ's adverse credibility determination for clear error. *See* 8 C.F.R. § 1002(1)(d)(3)(i).

There was substantial evidence to support the adverse credibility determination. As both the BIA and the IJ pointed out, Minasyan's testimony was inconsistent regarding the date of his first arrest and why he was home at the time. Most importantly, however, at the hearing he did not mention his second arrest, beating and long recovery, in spite of repeated prompting from his attorney. When he finally did respond, he gave only a general description of this major incident. This is a "legitimate, articulable basis" to question his credibility which goes to "key elements" of his application. *See Farah,* 348 F.3d at 1156. We agree with the BIA that the IJ did not clearly err in finding Minasyan not credible. Because we affirm the denial of asylum, we necessarily affirm the denial of withholding of removal. *See id.*

Minasyan also claims that the BIA and the IJ failed separately to analyze his claim for relief under CAT. Minasyan, however, bases his CAT claim on the same statements that the IJ and BIA found not credible, and points to no other evidence that should have been considered in making the CAT determination. *See id.* at 1157. We therefore also affirm the denial of his claim under CAT.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.